**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**PIERRE QUARAN HAMILTON,**

> **Plaintiff,**

> v.                                                     **CASE NO.  24-3037-JWL**

**STATE OF KANSAS,**

> **Defendant.**

<u>**MEMORANDUM AND ORDER TO SHOW CAUSE**</u>

Plaintiff Pierre Quaran Hamilton is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed for failure to state a claim.

**I.  Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Jail in Kansas City, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.   Plaintiff's initial partial filing fee in the amount of $25.50 is due April 30, 2024.

Plaintiff claims in his Complaint that on October 5, 2022, he was involved in a fight after leaving small claims court in Case No. 2022-SC-000068.  (Doc. 1, at 2.)  Plaintiff alleges that the fight was the result of negligence by the state court and Sheriff's Department because they allowed Plaintiff and the other party to leave court without separating them.  *Id*.   Plaintiff claims that there were no officers even assigned to perform the task, "resulting in Gross Negligence of the State, County, Court & all others involved to all litigants."  *Id*.

Plaintiff alleges that this resulted in a violation of his Sixth Amendment right to have a speedy and public trial.  *Id*. at 3.  Plaintiff alleges that he was "sand-bagged" by the judge,

district attorney, and previous attorney. *Id.* Plaintiff's factual allegations are hard to decipher, but he mentions that self-defense is being suppressed and that he did what the judge instructed. *Id.* He states that "self defense 7–1 & 10 have not been uninforced [sic] w/ K.S.A. 21-5231 as a result of the District Court of Wyandotte Counties [sic] Gross Negligence & Strict Liability to all litigants." *Id.* at 4.

Plaintiff names the State of Kansas as the sole defendant. Plaintiff seeks $35 million in "financial relief," plus "pain and suffering w/compensation for all lost wages." *Id.* at 5.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in

a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

Plaintiff's allegations in his Complaint are hard to read due to his handwriting, and they are hard to decipher.  He seems to claim that unnamed parties were negligent in allowing him to leave small claims court without separating him from the other party involved in the action. However, negligence does not support a claim under § 1983.  Negligence is a state law claim and does not supply grounds for a constitutional cause of action.  Claims under § 1983 may not be predicated on mere negligence.  *See Daniels v. Williams*, 474 U.S. 327, 330 (1986).  It is well-settled that state law violations are not grounds for relief under § 1983. "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted).  This Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff has failed to allege a federal claim. *See* 28 U.S.C. § 1367(c)(3); *Loggins v. Norwood*, 854 F. App'x 954, 957 (10th Cir. 2021) (unpublished) (affirming district court's decision declining to exercise supplemental jurisdiction over plaintiff's remaining state-law claims alleging slander and defamation).

Plaintiff's Complaint fails to clarify or supply any factual support for a claim under either the Sixth or Fourteenth Amendment.  He makes a bald reference to the right to a speedy and public trial without any support or clarification as to how it applies in this case.   He claims that he was "sand-bagged" without any explanation as to how this violates his constitutional rights.

He also references the Fourteenth Amendment, claiming gross negligence, without an explanation as to how this violates his constitutional rights. Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

Plaintiff names the State of Kansas as the sole defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). Because Plaintiff has neither made a specific claim against the State of Kansas nor shown any waiver of immunity from suit, he must show good cause why this defendant should not be dismissed from this action.

Plaintiff references the suppression of self-defense and Kan. Stat. Ann. § 21-5231. Section 21-5231 deals with immunity from prosecution for the use of force that is justified under various Kansas statutes. To the extent Plaintiff is attempting to raise claims regarding his state court criminal proceedings, the Court may be prohibited from hearing those claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity

to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

It appears that Plaintiff has a pending state court criminal case resulting from the fight he references as occurring on October 5, 2022, as he was leaving small claims court. Online records show that Case No. 2022-SC-000068 lists Lonnie Davis as the plaintiff and Plaintiff as the defendant in the small claims case previously pending in Wyandotte County. *See Davis v. Hamilton*, Case No. 2022-SC-000068 (Wyandotte County, filed August 23, 2022). The docket shows that both parties appeared for an Answer Hearing on October 5, 2022, and at the hearing a trial was scheduled for December 7, 2022. *Id*. The docket reflects that the December 7, 2022 bench trial was dismissed/closed, indicating "Plaintiff deceased." *Id*.

Online records also show a pending criminal case against Plaintiff. *See Kansas v. Hamilton*, Case No. 2022-CR-001105 (Wyandotte County District Court, filed October 7, 2022). Plaintiff is charged with Murder in the 2nd degree, Intentional and "Mistreat dependent adult/elder person; Physical injury/confinement/punishment." *Id*. The criminal case was filed on October 7, 2022, and reflects an offense date of October 5, 2022. The docket shows that Plaintiff's criminal case is pending, with a trial scheduled for June 3, 2024. *Id*.

It appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through

criminal proceedings in the state's courts.  *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).  Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies.  *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

"[T]he *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding."  *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).  *See Garza v. Burnett*, 672 F.3d 1217, 1220 (10th Cir. 2012) (citing *Wallace v. Kato*, 549 U.S. 384, 393 (2007)); *Myers v. Garff*, 876 F.2d 79, 81 (10th Cir. 1989) (directing district court to stay claim for damages).

## IV.  Response Required

Plaintiff is required to show good cause why this action should not be dismissed for failure to state a claim and for failure to name a proper defendant.  In his response, Plaintiff should clarify whether or not he is raising claims related to his state court criminal proceedings.  If so, he should clarify those claims and show good cause why those claims should not be

dismissed or stayed due to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971).

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff is granted until **May 28, 2024,** in which to show good cause, in writing to the undersigned, why this action should not be dismissed for the reasons set forth herein.

**IT IS SO ORDERED**.

**Dated April 26, 2024, in Kansas City, Kansas.**

<u>**S/  John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**