IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

    **Plaintiff,**

    v.                                        CASE NO. 24-3037-JWL

STATE OF KANSAS,

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Jail in Kansas City, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. Plaintiff's initial partial filing fee in the amount of $25.50 was due April 30, 2024, and has not been paid. On April 26, 2024, the Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") ordering Plaintiff to show good cause why this action should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's response (Doc. 7). The Court's screening standards are set forth in the MOSC.

Plaintiff claims in his Complaint that on October 5, 2022, he was involved in a fight after leaving small claims court in Case No. 2022-SC-000068. (Doc. 1, at 2.) Plaintiff alleges that the fight was the result of negligence by the state court and Sheriff's Department because they allowed Plaintiff and the other party to leave court without separating them. *Id*. Plaintiff claims that there were no officers even assigned to perform the task, "resulting in Gross Negligence of the State, County, Court & all others involved to all litigants." *Id*.

Plaintiff alleges that this resulted in a violation of his Sixth Amendment right to have a speedy and public trial. *Id*. at 3. Plaintiff alleges that he was "sand-bagged" by the judge,

1

district attorney, and previous attorney. *Id*. Plaintiff's factual allegations are hard to decipher, but he mentions that self-defense is being suppressed and that he did what the judge instructed. *Id*. He states that "self defense 7–1 & 10 have not been uninforced [sic] w/ K.S.A. 21-5231 as a result of the District Court of Wyandotte Counties [sic] Gross Negligence & Strict Liability to all litigants." *Id*. at 4. Plaintiff names the State of Kansas as the sole defendant. Plaintiff seeks $35 million in "financial relief," plus "pain and suffering w/compensation for all lost wages." *Id*. at 5.

The Court found in the MOSC that negligence does not support a claim under § 1983; Plaintiff's Complaint fails to clarify or supply any factual support for a claim under either the Sixth or Fourteenth Amendment; Plaintiff makes a bald reference to the right to a speedy and public trial without any support or clarification as to how it applies in this case; Plaintiff alleges that he was "sand-bagged" without any explanation as to how this violates his constitutional rights; Plaintiff references the Fourteenth Amendment, claiming gross negligence, without an explanation as to how this violates his constitutional rights; Plaintiff names the State of Kansas as the sole defendant and the State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment; and that to the extent Plaintiff is attempting to raise claims regarding his state court criminal proceedings, the Court may be prohibited from hearing those claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971).

The Court's MOSC ordered Plaintiff to show good cause why this action should not be dismissed for failure to state a claim and for failure to name a proper defendant. The MOSC further provides that "[i]n his response, Plaintiff should clarify whether or not he is raising claims related to his state court criminal proceedings. If so, he should clarify those claims and show good cause why those claims should not be dismissed or stayed due to the abstention

doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 45 (1971)." (Doc. 6, at 7–8.)

Plaintiff's response, titled a "Declaration of Right to Justice W/O Delay," states that he is seeking assistance in Case No. 2022-CR-001105 in the District Court of Wyandotte County, Kansas. (Doc. 7, at 1.) Plaintiff then argues that he has not received a response to his state court habeas action. *Id*. Plaintiff alleges that the state court judge has not commenced a pre-trial hearing within 72 hours. Plaintiff then asks this Court to add the state district court and the Wyandotte County Sheriff's Office as defendants in this case. *Id*. Plaintiff does not indicate what relief he believes he is entitled to but states that false charges have been brought against him and it "must be stopped." *Id*.

Plaintiff's response fails to address any of the deficiencies noted in the Court's MOSC. Instead, he is attempting to raise claims regarding a newly-filed state habeas petition. He asks the Court to add the state court to the action and to stop the false charges. Plaintiff appears to be seeking injunctive relief but has failed to show good cause why any claims relating to his state court criminal proceedings would not be subject to *Younger* abstention. The Court finds that this matter should be dismissed for the reasons set forth in the Court's MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed without prejudice.**

**IT IS SO ORDERED**.

Dated May 31, 2024, in Kansas City, Kansas.

                                              **S/ John W. Lungstrum**
                                              **JOHN W. LUNGSTRUM**
                                              **UNITED STATES DISTRICT JUDGE**